UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 06-60966-CIV-GRAHAM/O'SULLIVAN

TANGIA MCCORMICK,

        Plaintiff,

v.

ARCHSTONE-SMITH COMMUNITIES, LLC,
a Florida foreign limited liability Company,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendant's Motion to Tax Costs (DE # 87, 7/19/07). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Donald L. Graham, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). Having reviewed the applicable filings and law, the undersigned respectfully recommends that the aforementioned motion be GRANTED IN PART and DENIED IN PART[1] as more fully explained below.

## BACKGROUND

On June 20, 2007, the Honorable Donald L. Graham issued an Order granting the defendant's Motion for Summary Judgment on all Counts (DE # 81 ). The same

---

[1] In her response to the instant motion, the plaintiff indicates that the defendant's Motion to Tax Costs should be denied if the plaintiff's Motion to Alter or Amend is granted. Should the Court grant the Motion to Alter or Amend, the plaintiff may file the appropriate motion to have the Court's ruling as to costs set aside.

Order closed the case. The defendant filed the instant motion on July 19, 2007, (DE # 87).   The plaintiff  filed a response on August 6, 2007, (DE # 91).    No reply was filed.

## ANALYSIS

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."   "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded."   See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 ( D. Kan. 1994).   The defendant prevailed in the case at bar and,  therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920.   A court may only tax those costs which are specifically authorized by statute. See  Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in case;

(5) Docket fees under § 1923 of this title

(6) Compensation of court appointed experts, compensation of

>interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.   In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.   However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir.  2000).

Accordingly, the undersigned makes the following recommendations as to the cost award.

1.   Fees of the Clerk and Marshal (i.e. process servers)

The defendant requests reimbursement in the amount of $277.00 for costs associated with process servers.  28 U.S.C. § 1920(1) allows for recovery of "fees of the clerk and marshal."  "Private process server fees may be taxed."  W&O, 213 F. 3d at 623.  It should be noted that the United States Marshal Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida.  The plaintiff argues that the defendant is not entitled to recover the $33.00 expended for service of process fees related to Reliance Housing Foundation because the case involving Reliance Housing Foundation is irrelevant to the instant case.  The defendant did not reply to this argument.  Accordingly, the undersigned finds that the defendant is not entitled to recover the $33.00 associated with the service of process on Reliance Housing Foundation.  The undersigned, therefore, recommends that the defendant be awarded ***$244.00*** for expenses associated with process server fees.

2.   Fees of the Court Reporter

The defendant requests $2,888.50 for fees associated with deposition transcripts. 28 U.S.C. § 1920(2) states that " a judge or clerk of any court of the United States may tax as costs . . . fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  One of the transcripts for which the defendant requests reimbursement is for the deposition of the plaintiff taken in a case different from the case at bar.  This reimbursement request is for $920.05.  The plaintiff argues that the defendant is not entitled to recover such a cost, because, among other things, the deposition was taken in an unconnected case. The defendant did not reply to the plaintiff's argument that there should be no cost award for the deposition taken in a different case.  Accordingly, the undersigned finds that the defendant is not entitled to recover the $920.05 for the plaintiff's deposition from a different case.

The defendant's request for transcript reimbursement also includes $20.00 for a mini script and ASCII disk for the plaintiff's deposition, $15.00 for a mini script of R. Caldwell's deposition and $30.00 for a mini script and ASCII disk of M. King.  The costs associated with mini scripts and ASCII disks are not permitted because these are not necessary for use in the case.  Accordingly, the defendant's request for deposition transcript costs should be reduced by an additional $65.00.

Finally, the defendant's deposition transcript reimbursement request asks for $15.00 for the delivery of M. King's deposition, $37.00 in courier fees for the deposition of R. Caldwell, $4.00 for the delivery of the plaintiff's deposition and $10.00 for the shipping of the deposition of R. Walsh.  These costs are not taxable under the statute. Accordingly, the defendant's deposition reimbursement request should be reduced by

another $66.00.

The remaining deposition transcript costs were necessarily incurred for use in the case.  See W&O, 213 F. 3d at 620. In summary, the deposition transcript cost request should be reduced by a total of $1,051.05.  Accordingly, the undersigned recommends that the defendant be awarded costs associated with fees for the court reporter in the amount of ***$1,837.45***.

3.    Fees for Exemplification

The defendant requests reimbursement in the amount of $313.10 for fees associated with exemplification.  28 U.S.C. § 1920(4) allows for recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case."  W&O, 213 F. 3d at 622.   With the exception of $12.25 in shipping costs for photocopies of EEOC records, the undersigned finds that the requested photocopy costs were necessarily incurred during the course of the litigation.  The defendant, therefore, should be awarded ***$300.85*** for costs and expenses associated with photocopies.

In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the Defendant's Motion to Tax Costs (DE # 87, 7/19/07) be GRANTED IN PART AND DENIED IN PART in accordance with the foregoing Report and Recommendation and the defendant be awarded a total of $2,382.30 in costs.   The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable **Donald L. Graham**, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings

contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See Also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 28th day of August, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Graham
All Counsel of Record